In the Matter of the Estate of JAMES F. D. LANIER, Deceased.

Surrogate's Court, New York County, May 13, 1935.

*Thomas J. Curran,* for the estate of Richard M. Coleman, deceased, and another.

*Frederick W. McGowan,* for the National Surety Corporation.

*Edward F. Keenan,* for the Superintendent of Insurance.

*Frederick R. Crane,* special guardian.

FOLEY, S. The testator died in 1881. By a codicil to his will he created a trust for the benefit of his granddaughter during her life. The testator's son, Charles Lanier, was named as trustee of this trust. He acted as such until his death on March 6, 1926. Thereafter on January 5, 1927, an individual and a trust company were appointed successor trustees by this court. The individual successor trustee died on April 19, 1934.

The corporate trustee has filed an account of proceedings of the deceased trustee and itself and an account of its proceedings as surviving trustee. The executor of the deceased trustee filed an answer adopting the account.

As the principal of the trust accounted for is more than $100,000, a full statutory commission, for receiving the principal and paying out a portion thereof, is sought by both the corporate fiduciary and the executor of the deceased successor trustee.

The special guardian for infant remaindermen contends that under the language of the will and the provisions of section 188,

subdivision 2, of the Banking Law, only one full statutory commission should be allowed to the successor trustees for receiving and paying out principal.

Section 188, subdivision 2, of the Banking Law authorizes the appointment of a trust company as executor, administrator, trustee or guardian, but provides further that " No appointment so made shall be deemed to increase the number of persons entitled to full compensation beyond the number so entitled under the terms of the will or deed creating the trust."

As the testator's son was named the sole trustee by the will and codicil, the very situation contemplated by the statute has arisen. Only one full commission for receiving and paying out principal may, therefore, be allowed. This commission should be apportioned between the corporate trustee and the executor of the deceased trustee. If the parties are unable to agree on the apportionment of the commission, they may submit such additional proof or memoranda as is relevant to a determination of that question.

Proceed accordingly.